UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL M. COTTON,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 24-cv-1032-pp

OFFICER BAILEY, OFFICER HOWARD and
UNKNOWN, sued as Other 3rd shift staff on date
of 5-21-24,

        Defendants.

## ORDER DIRECTING SERVICE OF COMPLAINT ON MILWAUKEE COUNTY SHERIFF DENITA BALL FOR LIMITED PURPOSE OF HELPING PLAINTIFF IDENTIFY THE REAL NAMES OF THE UNKNOWN AND DOE DEFENDANTS

      Plaintiff Michael M. Cotton, who is representing himself and was incarcerated at the Milwaukee Secure Detention Facility when he filed this case, alleges violations of his civil rights when he was confined at the Milwaukee County Jail. Dkt. No. 1. The court screened the complaint and allowed the plaintiff to proceed on a failure-to-protect claim against defendants Officer Bailey, Officer Howard and unknown third shift officers who allegedly worked at the jail on May 21 and 22, 2024. Dkt. No. 18 at 6-7. The court ordered service of the complaint on Officer Bailey and Officer Howard under the informal service agreement it has with Milwaukee County. Id. at 10. Because service has not been accomplished, this order directs service on Milwaukee County Sheriff Denita Ball for the limited purpose of helping the plaintiff identify the names of the defendants.

## I. Declination of Service (Dkt. No. 19)

On May 23, 2025, counsel for Milwaukee County filed a Statement of Nonacceptance of Service which states that counsel does not accept service for Bailey and Howard. Dkt. No. 19 at 1. The document says that the Milwaukee County Sheriff's Office has never employed a corrections officer with the name "Bailey" and that no officer with the last name of "Howard" was working during the time frame alleged in the complaint. Id.

Because the plaintiff does not know the names of the defendants he is suing, the court will add Milwaukee County Sheriff Denita R. Ball as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). The court will serve Sheriff Ball with a copy of the complaint and this order. Sheriff Ball is not required to respond to the complaint. After Sheriff Ball's attorney files an appearance, the plaintiff may serve discovery upon Sheriff Ball (by mailing it to her attorney at the address in her notice of appearance) to get information that will help him identify the names of the defendants.

For example, the plaintiff may serve interrogatories (written questions) under Federal Rule of Civil Procedure 33 or document requests under Federal Rule of Civil Procedure 34. Because the plaintiff has not stated a claim against Sheriff Ball, he must limit his discovery requests to information or documents that will help him learn the real names of the defendants he is suing. The

plaintiff may not ask Sheriff Ball about any other topic, and Sheriff Ball is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of the people whom he alleges violated his constitutional rights, he must file a motion to substitute their names for the Doe placeholders. Once the plaintiff identifies the defendants' names, the court will dismiss Sheriff Ball as a defendant. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the real names of Officer Bailey, Officer Howard and the Doe defendants within sixty days of Sheriff Ball's attorney appearing. If he does not (or does not explain to the court why he is unable to do so), the court may dismiss his case based on his failure to diligently pursue it. See Civil L. R. 41(c) (E.D. Wis.).

The court notes that in preparing to enter this order, the court's staff learned that the plaintiff no longer is incarcerated The plaintiff neither informed the court that he had been released from custody or provided an updated address. The court will send this order to the plaintiff in care of his state probation agent but reminds the plaintiff that it is *his responsibility* to keep the court advised of his current address and that failure to do so may result in the court dismissing his case.

## II. Conclusion

The court **ORDERS** that Milwaukee County Sheriff Denita Ball is named as a defendant for the limited purpose of helping the plaintiff identify the defendants' names. The clerk's office must update the docket accordingly.

Under an informal service agreement between Milwaukee County and this court, the court will electronically transmit a copy of the complaint and this order to Milwaukee County for service on defendant Ball.

The court **ORDERS** that Sheriff Ball is not required to respond to the complaint, but she must respond to discovery requests that the plaintiff serves in an effort to identify the defendants' names. Sheriff Ball is not required to respond to discovery requests about any other topic.

The court **ORDERS** that the plaintiff must identify the defendants' names **within sixty days of Sheriff Ball's attorney filing an appearance in this case**. If the plaintiff does not identify the defendants' names (or advise the court why he is unable to do so) by the sixty-day deadline, the court may dismiss this case based on his failure to diligently prosecute it.

Dated in Milwaukee, Wisconsin this 5th day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**