**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**MICHAEL M. COTTON,**

Plaintiff,

**v.** **Case No. 24-CV-1032**

**GARY KOHL, *et al.*,**

Defendants.

---

**ORDER**

---

On July 31, 2026, plaintiff Michael M. Cotton, who was previously incarcerated and is representing himself, filed a motion for leave to file an amended complaint and a proposed amended complaint. (ECF No. 78.)

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id.*

Cotton's amended complaint does not state a claim upon which relief may be granted, so allowing this amendment would be futile. "[A]n amended complaint supersedes an original complaint and renders the original complaint void." *Flanner v.*

*Recording Indus. Ass'n of American,* 354 F.3d 632, 638 n. (7th Cir. 2004) (citations omitted). Cotton's proposed amended complaint does not describe what actually occurred to cause a violation of his constitutional rights but instead makes vague references to "the May 21-22 incident" or "the events giving rise to this action". (ECF No. 78-1 at 3-4.) While Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff give only "a short and plaint statement of the claim," and "specific facts are not necessary," the allegations still have to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 55 (internal citations omitted)).

It appears as if Cotton is referring back to his original complaint, which does a good job of plainly and clearly describing the incident. (ECF No. 1.) However, because an amended complaint replaces the prior complaint, it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In other words, Cotton cannot rely on the original complaint to give context to his allegations in his amended complaint.

As such, the court denies his motion for leave to file an amended complaint because it fails to state a claim. The court will give Cotton an opportunity to file another motion for leave to file an amended complaint and proposed amended complaint by the deadline below. The court is enclosing a copy of the complaint form and instructions. Cotton may use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations

that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page).

The court urges Cotton to keep the following things in mind. Do not try to imitate "lawyerly language" and instead just plainly and simply state what each individual defendant did or did not do to cause a constitutional violation. Omit legal arguments or legal conclusions, as they are not necessary in a complaint. Omit information about discovery disputes. If Cotton believes there is discovery that he did not receive a proper response to, he may file a motion to compel **after he meets and confers with the defendants' lawyer** either over the phone or in writing pursuant to Federal Rule of Civil Procedure 37 and Civil Local Rule 37.

If Cotton files a proposed amended complaint by the deadline, the court will screen it. If Cotton does not file a proposed amended complaint by the deadline, the court will enter an amended scheduling order to move this case along.

**IT IS THEREFORE ORDERED** that Cotton's motion for leave to file an amended complaint (ECF No. 78) is **DENIED without prejudice**. Cotton may file an amended complaint that complies with the criteria above by **December 21, 2026**.

**IT IS FURTHER ORDERED** that Cotton's motion for a status update (ECF No. 88) and Cotton's motion for a prompt resolution of his motion for leave to file an amended complaint (ECF No. 91) are **DENIED**.

Dated in Milwaukee, Wisconsin this 23rd day of November, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge